IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HERBERT L. PRICE,<br><br>    Plaintiff,<br><br>  v.<br><br>ASTRAZENECA PHARMACEUTICALS,<br>L.P. et al.<br><br>    Defendant.<br>_____/ | No. C 06-01290 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF DISMISSAL WITHOUT PREJUDICE AND DENYING AS MOOT ASTRAZENECA DEFENDANTS' MOTION TO STAY** |

The Court has before it for consideration Plaintiff's Motion for Order Approving Dismissal Without Prejudice, and the Motion to Stay Action Pending Transfer to Multidistrict Proceedings filed by AstraZeneca Pharmaceuticals, L.P. and AstraZeneca L.P. (the "AstraZeneca Defendants"). Pursuant to a prior order of the Court setting a briefing schedule, the motions are fully briefed and ripe for decision, and the Court finds the motions suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b).

**BACKGROUND**

On February 22, 2006, Plaintiff filed the complaint in this case. On July 10, 2006, the AstraZeneca Defendants filed their answer.

---

[1] Plaintiff also names Eli Lilly and Company as a defendant. Eli Lilly filed its answer on July 10, 2006. It has not filed an opposition to Plaintiff's motion for voluntary dismissal; nor has it taken a position on the motion to stay. Although the Court has issued orders with respect to briefing on these motions that addressed the AstraZeneca Defendants and Plaintiff, by virtue of the e-filing system, Eli Lilly has had notice of Plaintiff's motion. The Court construes its silence as a lack of opposition.

On July 13, 2006, the AstraZeneca Defendants filed a Notice of MDL Transfer Order, in which they advised the Court that the Judicial Panel District on Multi-District Litigation had established MDL Proceeding No. 1769, *In re Seroquel Products Liability Litigation*, and had transferred approximately 92 actions pending in this district and others to the United States District Court for the Middle District of Florida for coordinated proceedings before the Honorable Anne C. Conway. In that notice, the AstraZeneca Defendants advised the Court that they had identified this case as a potential tag-along action to MDL Proceeding 1769. The record in this case establishes that plaintiff's current counsel advocated the creation of coordinated MDL proceedings, albeit on behalf of different plaintiffs. (*See* Defendants' Reply, Ex. 3.) The record also establishes that Plaintiff sought to continue a case management conference in this case on the ground that he expected that the matter would be transferred to MDL Proceeding 1769. That request was made before the MDL issued its Transfer Order. (Defendants' Opp., Exs. D, E.)

On July 27, 2006, Plaintiff filed his motion to voluntarily dismiss this action in its entirety. On August 1, 2006, the AstraZeneca Defendants moved to stay the proceedings pending a transfer to MDL Proceeding 1769.

On August 2, 2006, the MDL Panel issued an order conditionally transferring this action to MDL Proceeding 1769. Plaintiff has opposed that transfer order.

**ANALYSIS**

As a preliminary matter, although the MDL has issued a conditional transfer order, that order does not deprive this Court of jurisdiction to consider these motions. *See* Judicial Panel on Multidistrict Litigation Rule 1.5. In this case, Plaintiff seeks a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). That rule provides, in pertinent part, that when a defendant has filed an answer, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(1)-(2).

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court ...." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d

2

1380, 1390 (9th Cir. 1986) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). In considering a motion for voluntary dismissal, the Court must "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton*, 679 F.2d at 145. "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). In addition, a court may find plain legal prejudice where significant discovery or pretrial preparations have taken place. *See Kern Oil*, 792 F.2d at 1390 (upholding denial of motion for voluntary dismissal where court concluded plaintiff was forum shopping and significant activity in case had taken place); *but see Westlands*, 100 F.3d at 97 (stating that court previously has stated that expenses incurred in litigating case did not amount to plain legal prejudice).

The Ninth Circuit also has made clear that "[p]lain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145. Indeed, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved," as it is in this case. *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (cited with approval in *Westlands*, 100 F.3d at 96-97).

Although Plaintiff contends that the basis for requesting a dismissal is "immaterial," because the Astrazeneca Defendants can articulate no plain legal prejudice, the Court is not persuaded by this argument. In the *Kern Oil* case, the Ninth Circuit, in concluding that the district court had not abused its discretion in denying the defendant's motion for a voluntary dismissal of its counterclaim, found that the defendant's asserted justification for requesting dismissal was "baseless." *Kern Oil*, 792 F.2d at 1389. Thus, the Court finds that Plaintiff's asserted justifications for dismissal, as well as the AstraZeneca Defendants' asserted bases for claiming they have suffered plain legal prejudice, are material to its decision.

With respect to the former, Plaintiff does not explain why he, personally, seeks to voluntarily dismiss this action. Rather, he asserts generally that "[f]or a variety of reasons many

3

Plaintiffs have determined that it would be in their best interests to proceed differently. Some Plaintiffs may not proceed further with an Action. Some Plaintiffs will not pursue AstraZeneca, but will instead proceed against one or more co-defendants. Some Plaintiffs will proceed against AstraZeneca and/or certain other co-defendants in another forum." (Plaintiff's Mot. at 2.) Plaintiff also notes that claims against AstraZeneca and other defendants have been split into two MDL proceedings, requiring "Plaintiffs" to litigate in two separate fora. (*Id.* at 2-3.) Finally, Plaintiff asserts that his counsel "has no contacts and no experience" in the Middle District of Florida, where MDL 1769 is proceeding. (*Id.* at 3.)

The AstraZeneca Defendants in turn oppose Plaintiff's motion and contend that they have established plain legal prejudice because Plaintiff admits to forum shopping. They also assert, relying on *Roybal v. Equifax*, 2006 WL 988537 (E.D. Cal. Apr. 14, 2006), that they are prejudiced by the "loss of a federal forum." (Defs. Opp. at 3.) The Court *is* troubled both by the fact that Plaintiff's counsel sought to establish coordinated MDL proceedings and by the fact that Plaintiff did not seek to dismiss this action until after the MDL assigned the coordinated proceedings to Judge Conway. However, as noted, the mere fact that the Plaintiff may gain some tactical advantage from the dismissal is not enough to establish plain legal prejudice. *Hamilton*, 679 F.2d at 145.

Further, while the remainder of Plaintiff's proffered justifications for dismissal are set forth in general terms and do not address why he personally wishes to dismiss, the Court does not find them to be "baseless." Nor is the Court inclined to punish Plaintiff for a choice that may be driven entirely by counsel's wishes, rather than his own. Finally, the Court rejects the AstraZeneca Defendants' argument that they are prejudiced by the "loss of a federal forum." The *Roybal* case is not dispositive, because in that case the plaintiff's claims arose under federal law. *See Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181-82 (E.D. Cal. 2005) (finding plaintiff's state law claims completely preempted and dismissing federal claims with leave to amend). Here, although Plaintiff chose to file initially in federal court, he only asserts state law claims, and, with the exception of the instant motions, there has been no significant pretrial activity in this case.

4

Accordingly, having considered all of these issues, the Court exercises its discretion to GRANT Plaintiff's motion.  This action is HEREBY DISMISSED WITHOUT PREJUDICE. Having granted Plaintiff's motion, the AstraZeneca Defendants' motion to stay these proceedings pending transfer is DENIED AS MOOT.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 30, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE